UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **31-01 BROADWAY ASSOCIATES, LLC.,** et al, <br><br> **Plaintiffs,** <br><br> v. <br><br> **TRAVELERS CASUALTY AND SURETY COMPANY, et al.** <br> **Defendants** | **Civil Action No. 17-6292 (JMV)** <br><br> **REPORT AND RECOMMENDATION** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiffs 31-01 Broadway Associates, LLC ("31-01 Broadway") and Cameo Fabric Care, Inc. ("Cameo Fabric," collectively with 31-01 Broadway, "Plaintiffs") for leave to amend the Complaint [ECF No. 33][1]. Defendants Travelers Casualty and Surety Company ("Travelers") and Hartford Casualty Insurance Company ("Hartford," collectively with Travelers, "Defendants") oppose Plaintiffs' motion. For the reasons set forth below, Plaintiffs' motion to amend is **GRANTED** and it is further respectfully recommended that this case be **REMANDED** to the Superior Court of New Jersey.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On July 12, 2017, Plaintiffs initiated this action in the Superior Court of New Jersey, Bergen County, Law Division seeking, among other things, declaratory judgment and monetary damages for breach of contract in connection with contamination located at 31-01 Broadway, Fair Lawn, New Jersey (the "Subject Property"). Complaint, ECF No. 1 at 12.

---

[1] For clerical reasons, the Court notes that the motion to amend is pending at Docket Entry No. 33, and the parties' joint brief regarding the motion to amend is at Docket Entry No. 72.

1

As set forth in the pleadings and motion papers, 31-01 Broadway is a limited liability company organized under the laws of New Jersey, and has its principal place of business in Fair Lawn, New Jersey. Notice of Removal, ECF No. 1 at 2. 31-01 Broadway is the owner of the Subject Property, upon which Cameo Fabric Care, Inc. once operated a dry-cleaning business. *Id*. Since 2009, 31-01 Broadway has been managed by brothers Michael Greco, Richard Greco and Robert Greco (collectively, the "Greco Brothers"). *See* Joint Brief Concerning Plaintiffs Mot. for Leave to Amend its Compl. ("Joint Brief"), ECF No. 72 at 16.[2] Travelers is a Connecticut insurance company that insured Min Ku Kahn, Chung Hee Hahn, and Cameo Cleaners of Fairlawn during their operation of a dry-cleaning establishment at the Subject Property from January 27, 1985 through October 27, 1986. Compl. ¶ 3, ECF No. 1 at 13. Hartford is an insurance company that insured Chung Hee Hahn, Chang Ko Kang, Chang Woo Hahn, Min Ku Hahn, Cameo Family Care Center, and Cameo Cleaners of Fairlawn during their operation of a dry-cleaning establishment at the Subject Property from January 27, 1983 through January 27, 1985. *Id*. ¶ 5.

According to Plaintiffs, after multiple examinations were conducted they determined that the soil and groundwater monitoring wells located at the Subject Property were contaminated by the same chemical solvents "used, disposed, and/or released on the subject property while it was operated as a dry cleaner." *Id*. ¶¶ 12-14. As a result of the contamination, the New Jersey Department of Environmental Protection issued corrective action directing Plaintiffs to undertake remediation of the Subject Property. *Id*. ¶ 15. As of July of 2017, 31-01 Broadway claims that it has incurred and will continue to incur remediation costs in excess of $2,000,000. *Id*. ¶ 16. In an effort to properly allocate remediation costs to all the responsible parties, Plaintiffs filed separate

---

[2] For the sake of clarity, when citing to the Complaint [ECF No. 1] and the parties' joint brief [ECF No. 72], the Court will cite to the page number listed on the ECF header.

lawsuits against Chug Hee Hahn and Min Ku Hahn (collectively the "Hahns" or "Defendants' insureds") seeking contribution for remediation costs. Compl. ¶¶ 18-19.

Prior to the initiation of this matter, the Hahns and 31-01 Broadway resolved the New Jersey State Court actions (the "underlying action") regarding contamination of the Subject Property by executing a settlement agreement for the total amount of $1,500,000. *Id*. ¶ 26. According to the Complaint, the settlement agreement represents a compromise of the damages allocated to the Hahns for their portion of the remediation costs. *Id*. ¶ 27. As part of the settlement agreement, 31-01 Broadway agreed that it would only seek to recover the settlement amount from the Hahn's insurance carriers. *Id*. ¶ 31. Defendants Travelers and Hartford were the two insurance carriers that insured the Hahns during the relevant time period. *Id*. ¶ 33. To date, Defendants have refused to indemnify the Hahns and provide coverage for the remediation at the Subject Property. *Id*. ¶¶ 44-45. As a result, Plaintiffs instituted this action seeking to enforce the settlement agreement between Plaintiffs and the Hahns that resolved the underling action.

On August 21, 2017, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 on the grounds that this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332. *See* ECF No. 1. After multiple extensions and delays, the Court conducted an initial conference and entered a scheduling order on January 25, 2019. *See* Pretrial Scheduling Order, ECF No. 23. The scheduling order provided, among other things, that "[a]ny motion to amend the pleadings must be filed [no] later than **4/27/2018**." ECF No. 23 ¶ 15 (emphasis in original). On April 5, 2018, Plaintiffs wrote a letter to the Court requesting leave to file a motion to amend to include Cameo Protecna Clean, Inc. ("Cameo Protecna" or "Protenca"), which the Court granted on April 10, 2018 [ECF No. 32]. Two days later, on April 12, 2018, Plaintiffs filed their motion to amend seeking to join Cameo Protecna, a New Jersey corporation, whose presence

3

would destroy diversity between the parties. *See* ECF No. 33. Defendants opposed Plaintiffs' motion asserting, among other things, that Plaintiffs' primary motivation for adding Protecna was to defeat diversity jurisdiction. *See* ECF No. 37.

On November 20, 2018, the undersigned issued a Report and Recommendation ("R&R") which granted Plaintiffs' motion to amend and respectfully recommended that the case be remanded to the Superior Court of New Jersey, Bergen County, Law Division. *See* ECF No. 55. Defendants promptly filed objection to the R&R and Plaintiffs responded. *See* ECF Nos. 57, 58. After the parties submitted multiple letters supplementing their position on the motion, on February 11, 2019, Judge Vazquez issued an Order administratively terminating the R&R and remanded the matter to the undersigned to consider the parties' new arguments and additional evidence.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice to the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S.

Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'...." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Where, as here, a party seeks to add a non-diverse defendant in a removal action, courts may permit joinder despite the fact that the amendment will defeat diversity and require remand. *See* 28 U.S.C. § 1447(e). Courts, however, must take a careful look at the reasons behind such motions to amend and will deny the motion if the intent is only to strip the Court of jurisdiction. *See City of Perth Amboy v. Safeco. Ins. Co. of America*, 539 F.Supp.2d 742, 746 (D.N.J. 2008). In the Third Circuit, district courts adopted the factors announced by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), to weigh the moving party's intent in making the motion to join a non-diverse party. *See City of Perth Amboy*, 539 F.Supp.2d at 746. The *Hensgens* factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for an amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens,* 833 F.2d at 1182.

### III.   DISCUSSION

The first *Hensgens* factor is an examination of the extent to which defeating Defendants' choice in the federal forum was the purpose of Plaintiffs' decision to add the non-diverse party, *i.e.* plaintiff's motive. *City of Perth Amboy*, 539 F. Supp. 2d at 746–47. When scrutinizing Plaintiffs' motive, the Court must focus on the specific facts and circumstances in the case. *Id*. The parties' actions during the period between the filing of the complaint and the motion to amend is an appropriate matter for consideration by the Court. *Id*.

5

Defendants argue that Plaintiffs' primary motivation for adding Protecna was to defeat diversity jurisdiction, because: (1) Plaintiffs have been "keenly" aware of Cameo Protecna's liability inducing activities [ECF No. 72 at 39]; (2) Plaintiffs have received requests for information concerning Cameo Protecna's activities at the Subject Property from other parties before and after the underlying action was filed [ECF No. 72 at 40]; and (3) Plaintiffs did not assert claims against Cameo Protecna in their original complaint because "Plaintiffs did not want to draw attention to potential liability-inducing activities of another Greco-owned business, which could result in the Greco family paying an increased share of the costs to clean up the Site . . .." ECF No. 72 at 41. As discussed below, the Court finds that the facts do not evidence a primary intent to defeat this Court's diversity jurisdiction.

Focusing on the specific facts and circumstances surrounding this case, the Court cannot conclude that the purpose of Plaintiffs' amendment is to defeat federal jurisdiction. In fact, Plaintiffs have legitimate reasons for not including Cameo Protecna in their original complaint. First, Plaintiffs initiated this action seeking, among other things, a declaratory judgment that Defendants had a duty to indemnify the Hahns' for their portion of the remediation costs to the Subject Property. After reaching a settlement agreement in the underlying action, the Hahns agreed to pay $1,500,000.00, which represents the Hahns' portion of the remediation costs. *See* Compl. ¶ 27. After Defendants failed to indemnify the Hahns, Plaintiffs instituted this action seeking to enforce the parties' settlement agreement. In opposition to Plaintiffs' amendment, Defendants argue that Plaintiffs were aware of Cameo Protecna's potentially liability inducing activities prior to initiating this action. While that may be true, Plaintiffs need not have included Cameo Protecna in the original complaint because they would not have been a proper party to this indemnification/settlement enforcement action.

Second, the parties' conduct following initiation and removal of this action logically triggered Plaintiffs' response. This case was removed on August 21, 2017 and the Court conducted an initial conference with the parties on January 25, 2018. After the initial conference, the Court entered a scheduling order which provided, among other things, that any motions to amend the pleading be filed no later than April 27, 2018. *See* ECF No. 23. Prior to the deadline to amend pleadings, Hartford sent discovery requests to Plaintiffs regarding Cameo Protecna's operations and use of chlorinated solvents on the Subject Property. *See* Joint Brief at 29. Given the nature of Hartford's discovery requests, it was clear that Defendants intended to allocate some of the responsibility for the cost of remediation to Cameo Protecna. Although Cameo Protecna was never a party in any of the underlying actions, it made logical sense to amend the complaint and join Cameo Protecna, a nondiverse party who may be liable for a portion of the remediation costs. Any information Plaintiffs may have received prior to the initiation of this action is irrelevant because this matter was initiated for the sole purpose of having Defendants indemnify the Hahns for their portion of the remediation costs they agreed to pay to resolve the underlying action.

With regards to Defendants' third argument, the Court does not agree with Defendants' assertion that Plaintiffs did not include Cameo Protecna in its original complaint because they did not want to draw attention to the potential liability inducing activities of another Greco-owned business. As noted above, Cameo Protecna was not a proper party to this indemnification action. Initially, this was not an action to recover proceeds from every potentially liable party who may have contributed to the contamination of the Subject Property. Rather, this was merely an action to compel Defendants to indemnify the Hahns and enforce the settlement agreement between Plaintiffs and the Hahns that resolved the underlying action. Thus, it was wholly appropriate for

7

Plaintiffs not to include Cameo Protecna in their original complaint. Absent any evidence to the contrary, the Court cannot agree with Defendants' third argument.

These reasons undermine Defendants' arguments that Plaintiffs' primary motive in adding Cameo Protecna was to defeat this Court's jurisdiction. It appears from the sequence of events, that Plaintiffs' motivation was to include all potentially liable parties who may be responsible for the remediation costs to the Subject Property. Therefore, the Court concludes that the first *Hensgens* factor weighs in favor of joinder and remand.

The second factor to be considered is whether Plaintiffs have been dilatory in asking for an amendment. Dilatory conduct under this factor takes into consideration the length of time as well as the nature of the delay. *See Doe,* 2007 WL 2155553, at *3, 2007 U.S. Dist. LEXIS 53644, at *16–17. In considering the nature of the delay, a plaintiff's conduct may be found dilatory when the purpose of the delay was to unnecessarily prolong litigation. *See Kahhan v. Mass. Cas. Ins. Co.*, No. 01–1128, 2001 WL 1454063, at *3, 2001 U.S. Dist. LEXIS 18561, at *7 (E.D.Pa. Nov. 14, 2001).

Defendants contend that "Plaintiffs' delay of 208 days following removal before seeking leave to amend is unquestionably 'dilatory' conduct." Joint Brief at 45. The Court does not agree that Plaintiffs' conduct was dilatory nor was the purpose of any delay to prolong litigation. As noted above, Cameo Protecna was far from an obviously necessary party in this indemnification action and Plaintiffs need not have included them in its initial complaint. Although Plaintiffs' may have been aware of Cameo Protecna's operations on the Subject Property prior to the initiation of this action, Cameo Protecna did not become a relevant party until after Plaintiffs received Hartford's discovery requests. *See City of Perth Amboy*, 539 F. Supp. 2d at 748 (finding a lack of dilatory conduct when plaintiff sought to include a non-diverse party after insurance company

8

defendant's responsive pleading raised the issue of the non-diverse defendant's potential liability). Hartford's discovery requests concerned Cameo Protecna's operation on the Subject Property which led Plaintiffs to believe Hartford intended to allocate some of its responsibility to Cameo Protecna. After receiving the requests, Plaintiffs promptly wrote a letter to the Court requesting permission to file a motion to amend to add Cameo Protecna as a defendant ECF No. 29, to which the undersigned granted on April 10, 2018, ECF No. 32. Without much delay, Plaintiffs filed their motion to amend on April 12, 2018, ECF No. 33, which was before the deadline to amend pleading set by the Court in its January 25, 2018 Pretrial Scheduling Order, ECF No. 23. Thus, Plaintiffs' minor delay in moving to amend the Complaint to include Cameo Protecna as a defendant after it became a relevant party in this action was not dilatory and weighs in favor of joinder and remand.

The remaining factors also clearly weigh in favor of allowing Plaintiffs' amendment. Plaintiffs argue that they will be prejudiced if forced to litigate in two separate forums. *See* Joint Brief at 48. To that point, it is apparent that Cameo Protecna may have contributed to the contamination of the Subject Property and a resolution of the parties' claims would require the Court to determine what percentage each party is responsible for the remediation costs. If joinder is not permitted, Plaintiffs will be forced to litigate two separate actions arising from the same controversy which will likely result in duplicate work, increased costs and significant delay of the final outcome of this matter. *See City of Perth Amboy*, 539 F. Supp. 2d at 749 (finding that "there is some prejudice to Plaintiff, in the form of increased costs and potential for inconsistent rulings, that results if the amendment is not allowed."); *see also Kahhan*, No. 01-1128, 2001 WL 1454063, at *2 (finding increased litigation costs prejudicial). Indeed, there is also little question that it would be a waste of judicial resources to allow two separate proceedings that arise from the same controversy. Thus, to deny Plaintiffs' amendment would be prejudicial to Plaintiffs and would also

9

be a waste of judicial resources. It is clear that the most logical, economical and equitable approach is for one court to determine the respective rights and liabilities of all relevant parties in one proceeding. In this case, that is the Superior Court of New Jersey.

In short, based upon the consideration of the competing interests of the parties, the Court concludes that the *Hensgen* factors weigh in favor of granting Plaintiffs' motion to amend. There has been no undue delay or prejudice and the Court is satisfied that the primary purpose of the amendment is not to defeat federal jurisdiction. Finally, judicial economy strongly favors the amendment and remand. Therefore, Plaintiffs' motion to amend is **GRANTED**, and the undersigned respectfully recommends that this case be remanded pursuant to 28 U.S.C. § 1447(e).[3]

## IV.    CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on the 27th day of August 2019

**ORDERED** that Plaintiffs' motion to amend [ECF No. 33] is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file their Amended Complaint within **seven (7) days** from the date of this Order; and it is further

**RECOMMENDED** that this case be remanded to the Superior Court of New Jersey, Bergen County, Law Division; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within **fourteen (14) days** after service hereof. Any party may respond to another party's objections within **fourteen (14) days** after being served with

---

[3] With the joinder of Cameo Protecna, diversity jurisdiction no longer exists because Plaintiffs and Protecna are both citizens of New Jersey. *See* Am. Compl., ECF No. 33-3 ¶¶ 1, 2, 7.

a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

s/ James B. Clark, III
**Honorable James B. Clark, III**
**United States Magistrate Judge**
