Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| 31-01 BROADWAY ASSOCIATES, LLC, *et al.*, | |
|---|---|
| *Plaintiffs*, | Civil Action No. 17-6292 |
| v. | **OPINION & ORDER** |
| TRAVELERS CASUALTY & SURETY COMPANY, *et al.*, | |
| *Defendants*. | |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the August 27, 2019 Report and Recommendation ("R&R") of Magistrate Judge James B. Clark, which addressed Plaintiffs' motion to amend the complaint to add a non-diverse defendant. The R&R recommends that this Court grant Plaintiffs' motion to amend and, accordingly, that the case be remanded to the New Jersey Superior Court because the additional defendant defeats diversity jurisdiction. D.E. 84. Defendants Travelers Casualty & Surety Company and Hartford Casualty Insurance Company (collectively "Defendants") filed a timely objection to the R&R, D.E. 87, and Plaintiffs 31-01 Broadway Associates, LLC ("31-01 Broadway") and Cameo Fabric Care, Inc. ("Cameo" and collectively "Plaintiffs") filed a response, D.E. 88.[1] The Court reviewed all relevant documents and submissions, and for the reasons stated below, the Court adopts the R&R in part and modifies the

---

[1] Defendants' objection will be referred to herein as "Defs. Obj." and Plaintiffs' response will be referred to as "Plfs. Resp.".

R&R in part. The modifications do not alter Judge Clark's overall recommendations. Accordingly, Plaintiffs' motion to amend is **GRANTED** and this matter shall be **REMANDED** to the New Jersey Superior Court, Bergen County.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The factual details of this dispute are explained in detail in the R&R. In short, 31-01 Broadway owned the property where Cameo once operated a dry-cleaning business. Defendants insured non-party individuals and entities (the "Insured") that purchased the dry-cleaning business from Cameo and continued to operate a dry cleaner at the property. In 2001, the New Jersey Department of Environmental Protection determined that the property was contaminated by chemical solvents frequently used in the dry-cleaning industry, and Plaintiffs were issued corrective action directives to remediate the property. As a result, 31-01 Broadway initiated state court actions against the Insured seeking contribution for remediation costs. 31-01 Broadway and some of the non-party individuals that operated the dry cleaner after Cameo are also presently involved in a separate state court matter that involves New Jersey Spill Act contribution claims.

31-01 Broadway and the Insured resolved the state court actions by executing a settlement agreement. As part of the settlement agreement, 31-01 Broadway agreed that it would only seek to recover the settlement amount from Defendants. To date, Defendants have refused to indemnify the Insured. As a result, on July 12, 2017, Plaintiffs initiated this action in New Jersey state court against Defendants to enforce the settlement agreement. Defendants removed the matter to this Court on August 21, 2017 on the grounds that there was diversity jurisdiction pursuant to 28 U.S.C. § 1332. D.E. 1.

On April 5, 2018, Plaintiffs requested leave to file a motion to amend to include Cameo Protecna Clean, Inc. ("Cameo Protecna") as a defendant. D.E. 29. Cameo Protecna, however, is

2

a New Jersey corporation whose presence would destroy diversity between the parties. Cameo Protecna was owned by the same family that owned Plaintiffs, and when it was sold, one of its principals personally indemnified Cameo Protecna for environmental liabilities. However, it appears that Cameo Protecna is also independently insured by a third party. Cameo Protecna is not a party to any of the underlying and related state court litigation.

Judge Clark granted Plaintiffs' request on April 10, 2018, and Plaintiffs subsequently filed their motion to amend on April 12, 2018. D.E. 32, 33. Defendants opposed Plaintiffs' motion, arguing that Plaintiffs' primary motivation for adding Cameo Protecna was to defeat diversity jurisdiction. D.E. 37. On November 20, 2018, Judge Clark issued a Report and Recommendation recommending that the Motion to Amend be granted and that the matter be remanded to New Jersey Superior Court. D.E. 55. Defendants filed a timely objection and Plaintiffs responded. D.E. 57, 58. In Defendants' objection, they relied on new facts that were not before Judge Clark when he issued the Report & Recommendation and then filed a letter supplementing their objections in light of a new case decided by the Superior Court of New Jersey, Appellate Division.[2]

---

[2] Defendants argue that the R&R should not be adopted because Judge Clark failed to consider *Terranova v. General Electric Pension Trust*, 457 N.J. Super. 404 (App. Div. 2019), which addressed the doctrines of judicial estoppel and the entire controversy doctrine. The fact that the R&R did not explicitly mention *Terranova* does not mean that Judge Clark failed to consider the case. *See Ashton v. AT & T Corp.*, No. 03-3158, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006) (stating that for purposes of a motion for reconsideration, "[a]n argument is not deemed overlooked because it is not specifically addressed in a court's opinion"). Moreover, in *Terranova*, the Appellate Division explained that for judicial estoppel to apply, a party must have had success in maintaining an inconsistent position earlier in the legal proceeding or in prior litigation. *Terranova*, 457 N.J. Super. at 412. Defendants appear to concede that because the prior litigation here was resolved through a settlement, no court has accepted Plaintiffs' prior position that Cameo Protecna was not a potentially liable party with respect to the Spill Act contribution claims. Defs. Obj. at 40 n.11. Given this fact, and the view that "judicial estoppel may be invoked only in limited circumstances because it is an extraordinary remedy," *Terranova*, 457 N.J. Super. at 415, Judge Clark's decision to not rely on *Terranova* when addressing the motion to amend was appropriate. Finally, Defendants' arguments as to the entire controversy doctrine appear unfounded because the state court Spill Act contribution litigation is ongoing. *See Archbrook Laguna, LLC v. Marsh*,

Plaintiffs also filed a supplemental letter addressing developments in the state court matter that involves the Spill Act claims. In light of the new evidence and arguments, this Court remanded the matter to Judge Clark. D.E. 65. Judge Clark entered the current R&R on August 27, 2019. D.E. 84. Defendants again filed a timely objection to the R&R in its entirety and Plaintiffs filed a response. D.E. 87, 88.[3]

## II. LEGAL STANDARD

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P.*, 2012 WL 4891695, at *2. "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson V., L.P.*, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-

---

414 N.J. Super. 97, 108 (App. Div. 2010) (explaining that the entire controversy doctrine only applies to successive, not concurrent suits).
[3] On September 26, 2019, Defendants filed a letter requesting oral argument on the R&R as a result of the "numerous inaccurate and prejudicial statements of law and fact" in Plaintiffs' response to Defendants' objections to the R&R. D.E. 89. Defendants' request for oral argument is denied.

4

4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

Plaintiffs argue that because the instant motion solely involves their leave to amend, this Court should review Judge Clark's decision under a clearly erroneous standard. Plfs. Resp. at 5-8. Motions to amend are generally considered non-dispositive for purposes of 28 U.S.C. § 636(b)(1). Therefore, a magistrate judge may decide a motion to amend and it is reviewed by the district court, only if a party appeals the decision, under the clearly erroneous standard.[4] *Spring Creek Holding Co., Inc. v. Keith*, No. 02-376, 2006 WL 2715148, at *2 (D.N.J. Sept. 22, 2006); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. A motion to remand, however, is a dispositive motion for purposes of § 636(b)(1). *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). As a result, when referred to a magistrate judge, a district court judge must review *de novo* any portion of the magistrate judge's decision to which a party objects. *See E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

In this instance, granting Plaintiffs' motion to amend would cause this Court to lose subject matter jurisdiction. When faced with this situation, the Third Circuit has not directly addressed what standard a district court should use in reviewing a magistrate judge's conclusion as to the

---

[4] A district court may only reverse a magistrate's decision on non-dispositive matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation omitted)). A ruling "is contrary to law when he or she has 'misinterpreted or misapplied applicable law.'" *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 315 (D.N.J. 2009) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). Under this standard, a district court "will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002).

motion to amend. Moreover, courts in this district appear divided on the issue. *Compare Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001) (reviewing a motion to amend that disposed of federal claim *de novo*), *with Fishbein Family P'ship v. PPG Indus., Inc.*, 871 F. Supp. 764, 769 n.4 (D.N.J. 1994) (stating that a magistrate judge may decide motion to amend as a non-dispositive matter even though "denial of this motion would be tantamount to a dispositive order"). The Third Circuit, however, has repeatedly stated that a motion for leave to amend is non-dispositive for purposes of 28 U.S.C. § 636. *See, e.g., Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016) ("Because we find that the Magistrate Judge's denial of [the] motion for leave to amend is nondispositive," appellants were required to comply with Rule 72(a) in order to challenge the magistrate judge's decision that denied the plaintiffs leave to amend sole federal claim); *see also Kenny v. United States*, 489 F. App'x 628 (3d Cir. 2012) (declining to resolve the issue but stating that "[s]tatutory and precedential authority largely rejects" the argument that motion to amend that in practice results in a dismissal should be construed as a dispositive motion for purposes of 28 U.S.C. § 636).

Thus, it appears that this Court should treat the R&R as deciding a non-dispositive motion and review Judge Clark's decision under the clearly erroneous standard. But even under a *de novo* review, which is what Judge Clark and the parties clearly contemplated given the fact that the motion to amend was addressed through a report and recommendation, Judge Clark's determination that Plaintiffs should be granted leave to amend is sound. Therefore, the remainder of this Opinion considers the R&R *de novo*.

## III. ANALYSIS

### A. The *Hensgens* Factors

A motion to amend is ordinarily governed by Fed. R. Civ. P. 15(a)(2). Motions for leave to amend pursuant to Rule 15(a)(2) are liberally granted. Fed. R. Civ. P. 15(a)(2). When a party seeks to add a non-diverse defendant that would destroy diversity jurisdiction, however, courts in the Third Circuit apply 28 U.S.C. § 1447(e). *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (3d Cir. 2008). In such a scenario, "a court must scrutinize motions to amend more carefully." *Id.* While not addressed by the Third Circuit, district courts in the circuit "have adopted a flexible and equitable approach developed by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)." *City of Perth Amboy*, 539 F. Supp. 2d at 746. The *Hensgens* factors are as follows: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction;" (2) whether the plaintiff was dilatory in seeking to amend the complaint; (3) "whether plaintiff will be significantly injured if amendment is not allowed"; and (4) any other equitable factors. *Hensgens*, 833 F.2d at 1182.

#### 1. Purpose of Proposed Amendment

For the first factor, courts must focus on the specific facts of the case, and the parties' actions "between the filing of the complaint and the motion to amend is an appropriate matter for consideration." *City of Perth Amboy*, 539 F. Supp. 2d at 746-47. "Generally, if a proposed claim is viable, and there is a genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." *Winograd v. Mercedes-Benz USA, LLC*, No. 16-4914, 2017 WL 2926040, at *4 (D.N.J. June 14, 2017). Judge Clark determined that Plaintiffs had a legitimate reason in not including Cameo Protecna as a defendant in this matter at the outset because Plaintiffs were initially just seeking to enforce the settlement agreement. Because Cameo

7

Protecna was not a party to the settlement agreement, it was not a proper party. Accordingly, Judge Clark concluded that Plaintiffs' purpose in seeking leave to amend was not to defeat jurisdiction.[5] R&R at 6.

In considering this factor *de novo*, this Court reaches the same conclusion as Judge Clark. *Perth Amboy* is instructive. In *Perth Amboy*, the plaintiff "only sought specific performance under the construction bond in the original complaint." *City of Perth Amboy*, 539 F. Supp. 2d at 747. But after the defendant asserted counterclaims against the plaintiff for monetary damages, the plaintiff sought leave to assert claims against the construction company that was insured by the defendant. *Id.* The *Perth Amboy* court determined that the plaintiff's primary purpose in adding the construction company as a defendant "was to respond to the assertions of claims against Plaintiff by Defendant," not to defeat federal jurisdiction. *Id.* at 748. The fact that the plaintiff was aware of the construction company's alleged wrongdoing prior to filing suit did not require a different conclusion. *Id.* at 747 n.2.

In this instance, even despite Plaintiffs' alleged knowledge of Cameo Protecna's Spill Act liability, Cameo Protecna would not have been a proper party in this litigation as it was originally framed by Plaintiffs. Namely, Cameo Protecna was not a party in the state court litigation that resulted in the settlement and is not insured by Defendants. Thus, Plaintiffs attempt to join Cameo Protecna now appears to be in response to Defendants' litigation strategy, not to defeat diversity

---

[5] Defendants argue that Judge Clark applied an incorrect standard in assessing the first factor. Defs. Obj. at 21. Reading the opinion as a whole, it is eminently clear that Judge Clark applied the correct standard as he repeatedly stated that courts should consider whether the primary purpose of seeking leave to amend was to defeat diversity jurisdiction. *See, e.g.*, R&R at 8 ("These reasons undermine Defendants' arguments that Plaintiffs' primary motive in adding Cameo Protecna was to defeat this Court's jurisdiction.").

jurisdiction. Accordingly, this Court concludes that the first *Hensgens* factor weighs towards granting leave to amend.

Defendants argue that Judge Clark ignored the "principal" that "in instances where a plaintiff knows of a defendant's activities but chooses not to include him, courts will deny the late attempt to join[.]" Defs. Obj. at 23 (quoting *Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2010 WL 762192, at *2 (D.N.J. Mar. 5, 2010)). But in each of the cases cited by Defendants to support this argument, the plaintiff was attempting to assert the same or nearly identical claims against individuals who worked for the defendant company. For example, the plaintiff in *Salamone* brought a wrongful termination action against her former employer. After the defendant removed the case to federal court, the plaintiff sought leave to amend to also assert wrongful termination claims against a non-diverse former employee of the defendant. *Salamone*, 2010 WL 762192, at *1-2. In denying the plaintiff leave to amend, the court in *Salamone* determined that the first *Hensgens* factor weighed against allowing the amendment because the plaintiff knew of the former employee's alleged wrongful actions when she was terminated. *Id.* at 2.

Here, Defendants contend that because Plaintiffs knew of Cameo Protecna's potential Spill Act liability, their primary intent in seeking to add Cameo Protecna as a defendant now is to defeat diversity jurisdiction. Defs. Obj. at 23. As discussed and as recognized by Judge Clark, however, this case did not start as a Spill Act case; it was a single-issue case to enforce the terms of the settlement agreement to which Cameo Protecna was not a party. Now, Plaintiffs seek to assert unrelated claims against a party that is unaffiliated with Defendants. As a result, each of the cases Defendants cited are materially distinguishable and the "principal" that Defendants contend this Court must apply is inapplicable. Defendants also maintain that the first *Hensgens* factor weighs against granting leave to amend because Plaintiffs cannot demonstrate that any new facts came to

9

light since the Complaint was initially filed. *Id.* at 23-24. The Court rejects this argument for the same reasons.

Plaintiffs are not seeking to assert the same or similar claims against non-diverse parties that are related to Defendants. Rather, Plaintiffs' intent in seeking leave to amend appears to be in response to Defendants' litigation strategy. Thus, Plaintiffs' primary purpose in seeking leave to amend does not appear to be an attempt to defeat diversity jurisdiction.

### 2. Dilatory Conduct

Judge Clark determined that the second *Hensgens* factor also weighed in favor of granting leave to amend. Focusing on the time between filing the Complaint and seeking leave to amend, Judge Clark explained that "Plaintiffs' minor delay in moving to amend the Complaint . . . after it became a relevant party in this action was not dilatory and weighs in favor of joinder and remand." R&R at 9. Defendants argue that Plaintiffs were dilatory because they knew about Cameo Protecna's potential liability years before filing the instant Complaint and then waited over 200 days after removal before seeking leave to amend. Defs. Obj. at 26. "Dilatory conduct under this factor takes into consideration the length of time as well as the nature of the delay." *City of Perth Amboy*, 539 F. Supp. 2d at 748. Moreover, "[a] plaintiff's conduct may be considered dilatory when the purpose of the delay was to unnecessarily prolong litigation." *Fields v. Zubkov*, No. 08-2016, 2008 WL 4447098, at *6 (D.N.J. Sept. 26, 2008). Like the first factor, Defendants' argument is focused on the fact that Plaintiffs have known about Cameo Protecna's purported liability before filing this suit.[6] Defendants criticize Judge Clark for failing to take the prior litigation into account

---

[6] As with the first factor, the cases cited by Defendants to support their argument all involve a plaintiff's attempt to assert identical or materially similar claims against individual employees of a defendant former employer. *See* Def. Opp. at 26-27. As discussed, these cases are materially distinguishable from the current case.

10

when considering this factor, but again, Cameo Protecna was not a proper party to this suit at its inception. As a result, the time in which Plaintiff initially learned about Cameo Protecna's potential Spill Act liability is irrelevant. Cameo Protecna only became a relevant party *in this case* after Plaintiffs received Defendants' discovery requests. Accordingly, the proper focus is whether Plaintiffs engaged in any delay after this point. *See Perth Amboy*, 539 F. Supp. 2d at 748 (considering delay between filing an answer, when it became necessary from the plaintiff's perspective to assert claims against a new party and motion to join and remand). Here, as Judge Clark explained, there was no dilatory conduct between Plaintiffs' receipt of the relevant discovery requests and seeking leave to amend. Critically, Defendants fail to point to any facts suggesting that Plaintiffs sought leave to amend simply to prolong this litigation. Thus, this Court's *de novo* review leads to the same conclusion reached by Judge Clark. As a result, this factor also weighs in favor of granting leave to amend.

### 3. Prejudice to Plaintiffs

As for the third factor, Judge Clark determined that Plaintiffs would be prejudiced if leave to amend were not granted because Plaintiffs would be forced to litigate in two separate forums. R&R at 9-10. In considering the third *Hensgens* factor, courts assess "whether plaintiff will be significantly injured if amendment is not allowed." *Hensgens*, 833 F.2d at 1182.

A *de novo* review of this factor leads to this Court's conclusion that the third factor is neutral. Many courts in this district have determined that litigating in two forums may constitute a sufficient injury for the third *Hensgens* factor to weigh in favor of granting leave to amend. *See, e.g., City of Perth Amboy*, 539 F. Supp. 2d at 749; *Confessore v. AGCO Corp.*, No. 14-7262, 2015 WL 4430472, at *6 (D.N.J. July 20, 2015); *Fields v. Zubkov*, No. 08-2016, 2008 WL 4447098, at *6 (D.N.J. Sept. 26, 2008). Yet, the prejudice caused by litigating in separate forums is minimized

here because Plaintiffs are already litigating Spill Act contribution claims in state court. In other words, concurrent litigation already exists. As a result, costs typically associated with litigating in two separate forums, such as duplicate work and significant delay, are minimized. As a result, the failure to grant leave to amend would not cause substantial prejudice to Plaintiffs. The Court, therefore, concludes that the third *Hensgens* factor is neutral.

### 4. Equitable Factors

Judge Clark determined that the fourth factor also weighed in favor of granting leave to amend, stating that it would be a waste of judicial efficiencies to litigate these claims in separate forums. R&R at 9-10. A court may consider judicial efficiency and economy, in additional to other any equitable factors, when assessing the fourth factor. *City of Perth Amboy*, 539 F. Supp. 2d at 750. In considering this factor *de novo*, this Court concludes that the fourth factor weighs in favor granting leave to amend but for reasons other than those discussed in the R&R. The R&R therefore is also modified as follows.

Defendants argue that this factor weighs against granting leave to amend due to Plaintiffs' inconsistent positions regarding Spill Act liability. Defs. Obj. at 34. Defendants maintain that Plaintiffs failed to previously assert claims against Cameo Protecna to avoid further liability to the family business. *Id.* at 34-35. But the overarching theme of Defendants' objection to the R&R is that Plaintiffs have managed to skirt liability for Cameo Protecna's purported wrongful conduct for years. Denying Plaintiffs leave to amend, however, will result in the very outcome that Defendants criticize Plaintiffs for pursuing. Namely, if the Court refuses to grant Plaintiffs leave to amend, the interested parties will never be able to determine Cameo Protecna's role in the

contamination.[7] Therefore, the Court concludes that this factor also weighs in favor of granting Plaintiffs leave to amend.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court concludes that the first, second and fourth *Hensgens* factors weigh in favor of granting leave to amend and the third factor is neutral. Therefore, for the foregoing reasons, and for good cause shown,

**IT IS** on this 8th day of October, 2019,

**ORDERED** that the Amended Report and Recommendation (D.E. 84) is adopted in part and modified in part; and it is further

**ORDERED** that the Amended Report and Recommendation is **ADOPTED** to the extent that it recommends that Plaintiffs' motion for leave to file an amended complaint be granted and that this matter should be remanded to the New Jersey Superior Court, Law Division, Bergen County for lack of subject matter jurisdiction. The portion of the Amended Report and Recommendation that addresses the third and fourth *Hensgens* factors is **MODIFIED** as stated herein; and it is further

**ORDERED** that Plaintiffs' motion for leave to file an amended complaint (D.E. 33) is **GRANTED**; and it is further

**ORDERED** that once the amended complaint is filed, this matter is remanded to the New Jersey Superior Court, Law Division, Bergen County for lack of subject matter jurisdiction; and it is further

---

[7] Defendants contend that "Plaintiffs will *not* pursue a claim against Cameo Protecna beyond what is required to defeat diversity." *Id.* at 32. Defendants fears are likely unfounded. Once Cameo Protecna is involved in this litigation it will be required to adhere to New Jersey court rules and participate in this litigation like every other party.

13

**ORDERED** that the Clerk of the Court shall close this matter.

_____
John Michael Vazquez, U.S.D.J.